UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 16-20683-CIV-MORENO

HERON DEVELOPMENT CORPORATION,
and PALACE RESORTS, S.A. de C.V.,

       Plaintiffs,

vs.

VACATION TOURS, INC., MEDIA
INSIGHT GROUP, INC., ROSANNA M.
MENDEZ and GEORGE A. ALVAREZ,

       Defendants.
_____/

## ORDER DEFERRING RULING ON MAGISTRATE JUDGE LOUIS'S REPORT AND RECOMMENDATION GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

THE MATTER was referred to the Honorable Lauren F. Louis, United States Magistrate Judge, for a Report and Recommendation on Plaintiff's Motion for Attorney's Fees and Costs (**D.E. 291**), filed on **March 21, 2019**. The Magistrate Judge filed a Report and Recommendation (**D.E. 315**) on **August 27, 2019**. The Court has reviewed the Magistrate Judge's Report and Recommendation, the underlying motion for attorney's fees and costs,[1] the rest of the file and record, and has made a *de novo* review of the issues that the objections to the Report and Recommendation present. Although the Court agrees with the Magistrate Judge that Plaintiff's counsel's number of hours is unreasonably high with respect to the litigation of the single anti-cybersquatting claim, and that a substantial reduction in attorney's fees and costs is likely

---

[1] According to the exhibits attached to Plaintiff's motion for attorney's fees and costs, Traverse Legal PLC seeks $936.465 in fees for 2071.95 hours worked; Tenzer Arrieta PLLC seeks $517,741.86 for 1,416.80 hours worked; and Reich Rodriguez, P.A. seeks $13,087.50 for 34.9 hours worked. Counsel requests a total of $2,920.61 in costs.

reasonable and justified,[2] the Court defers ruling on the motion for fees and costs until the Eleventh Circuit issues a mandate on Defendants' appeal of the Court's summary judgment order. Once the Eleventh Circuit does, Plaintiff need only provide notice of its intent to refile the motion for fees and costs, after which this Court will address the motion and Report and Recommendation.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd of January 2020.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Magistrate Judge Lauren F. Louis

Counsel of Record

---

[2] Plaintiff makes two objections to the Report and Recommendation. First, it argues that the reduction is inconsistent with the litigation history of this case. The Court disagrees. Plaintiff is seeking $1,470,214.97 in combined fees and costs for spending approximately 3,523.65 hours litigating a single anti-cybersquatting claim—a claim which, notably, did not reach trial. Instead, on June 12, 2018, the Court granted partial summary judgment in favor of Plaintiff on the claim. Moreover, while the length of the pre-trial proceedings has spanned multiple years, the Court would note that a substantial reason for the delay is both parties' (mainly, the prior plaintiff and Defendants') insistence on seeking at least twenty extensions of time. Second, Plaintiff maintains that its timesheets do not contain billing errors, and that, even if they did, those errors do not justify a substantial reduction in fees. An additional review of the record makes doubly clear that Plaintiff's billing records are in fact replete with a myriad of timekeeping errors—including vague time entries, block billing, duplicative billing entries, and billing for work of a clerical rather than legal nature. Indeed, it is difficult, if not impossible, to determine in many instances if the work performed was in relation to the single anti-cybersquatting claim, or in relation to work performed exclusively for Plaintiff, rather than prior plaintiff Heron Development Corp. (a non-prevailing party dismissed for lack of standing).